UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
JAMARR FOWLER,                                             :
                                    Plaintiff,            :
                                                           :
           -against-                                       :
                                                           :
THE CITY OF NEW YORK, ET AL.,                             :
                                    Defendants.  :
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2020___

19 Civ. 4703 (LGS)

OPINION & ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, *pro se* Plaintiff brings this action under 42 U.S.C. § 1983, alleging that the

City of New York (the "City") and officers of the New York City Police Department ("NYPD")

violated his constitutional rights.[1]  On February 11, 2015, five officers allegedly broke down the

door of Plaintiff's home, illegally searched his home, removed $3,000, held Plaintiff down at

gunpoint, called him derogatory and racist names, and then arrested him for assault, menacing

and harassment.  Plaintiff was arraigned in New York state court and then spent several days in

jail until he posted a $10,000 bond.  On May 5, 2016, the charges against Plaintiff were dropped

because facts came to light showing that the officers had arrested the wrong person.  According to

the postmark, Plaintiff mailed the Complaint to this district's Pro Se Office on May 14, 2019.

The office received the Complaint and filed this action on May 21, 2019;

WHEREAS, Defendants filed a motion to dismiss on September 3, 2019, arguing that all

of the claims are time-barred and that the Complaint fails to state a legally sufficient claim

against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Plaintiff

---

[1] Although the Complaint sues five John Doe officers, Defendants' counsel subsequently
identified the officers, by letter on August 12, 2019, as: Detective Michael Fahy, Sergeant
Gonzalo Corredor-Torres and Joseph Parchen, all of whom are with the NYPD Warrant Section;
Detective Jason Wolfenhaut, of the NYPD 50th Precinct; and Detective Colin Higgins, of the
NYPD  52nd Precinct.  Per an August 13, 2019, Order, the parties briefed the motion to dismiss
on the understanding that these five officers are the John Doe Defendants.

opposed the motion on October 16, 2019;

WHEREAS, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015). Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). "We afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se 'to raise the strongest claims that it suggests.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). It is hereby

**ORDERED** that the motion to dismiss is GRANTED. The Complaint (1) is not timely as to the § 1983 claims against the officers, (2) fails to state a claim against the City, and (3) in the absence of any viable federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

First, § 1983 claims must be brought within the three-year statute of limitations. *See Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018) ("[T]he limitations period for § 1983 claims is borrowed from state law, which, in the case of New York, confers only a three-year period."). The three-year period begins to run as soon as a plaintiff "knows of the injury which is the basis of his lawsuit." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994); *accord Sant v. Stephens*, No. 18 Civ. 9954, 2019 WL 5965247, at *5 (S.D.N.Y. Nov. 12, 2019). Here,

whether the Complaint is construed as pleading excessive force, false arrest or malicious prosecution under § 1983, the claims are untimely.

As an initial matter, Plaintiff argues that his Complaint should be construed as having been filed on April 26, 2019, because he mailed the Complaint on that date from the Bronx. Plaintiff contends that the envelope shows a May 14, 2019, postmark because "a post office in Manhattan" processed the mailing on that date. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015); *accord Ferrarini v. Irgit*, No. 19 Civ. 0096, 2020 WL 122987, at *2 (S.D.N.Y. Jan. 9, 2020). Here, the date by which the Complaint was filed -- *i.e.*, for a *pro se* plaintiff, the date by when the Pro Se Office received the Complaint -- is apparent from the face of the Complaint. *See Grys v. ERIndustrial Sales, Inc.*, 553 F. App'x 61 (2d Cir. 2014) (summary order) (affirming dismissal of *pro se* complaint as untimely where "the clerk's date-stamp on the face of [the] complaint" showed the complaint was filed after the statute of limitations expired); *Toliver v. Sullivan Cty.*, 841 F.2d 41, 42 (2d Cir. 1988) (In a pro se case "where in forma pauperis relief is granted, the action should be treated as timely, provided the complaint was received by the clerk's office prior to the expiration of the limitations period."); *accord Mingues v. Nelson*, No. 96 Civ. 5396, 2004 WL 324898, at *3 (S.D.N.Y. Feb. 20, 2004). Specifically, as with all *pro se* filings, the Complaint attaches a copy of the envelope in which the Complaint was mailed, showing the Pro Se Office's "date received" stamp. *See*, *e.g.*, *Azkour v. Little Rest Twelve*, No. 10 Civ. 4132, 2015 WL 1413620, at *2 (S.D.N.Y. Mar. 23, 2015) (In determining the timeliness of a *pro se* filing, a court may take judicial notice of "the stamp on the letter indicating receipt [of the filing] by the Southern District of New York Pro Se Office." That

stamp establishes when a *pro se* filing "was actually filed," *i.e.* "when it was received by the Pro Se Office.") (citing *Toliver*, 841 F.2d at 42).   The "mailbox rule" Plaintiff seeks to invoke is inapplicable as it applies only to imprisoned plaintiffs, whose filings are deemed filed as of the date they mail them.  *See Sides v. Paolano,* 782 F. App'x 49, 50 (2d Cir. 2019) (summary order) ("Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court.") (citing *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993)).  Even where a plaintiff is *pro se*, "equitable tolling [is] not available where a pro se litigant's delay in filing his § 1983 action appeared to be entirely within his control."  *Davis v. Jackson*, No. 15 Civ. 5359, 2016 WL 5720811, at *9 (S.D.N.Y. Sept. 30, 2016) (collecting cases).  Thus, as a matter of law, the proper date for when the Complaint was filed is May 21, 2019, when the Pro Se Office received the Complaint.

The excessive force claim was required to be filed by February 11, 2018, or three years after the date of the incident in Plaintiff's apartment, because Plaintiff knew then of the "injury which is the basis of the lawsuit."  *Veal*, 23 F.3d at 724.  The excessive force claim was filed in 2019, and is untimely.

 The claim of false arrest, also known as false imprisonment, was required to be filed by at least May 5, 2019, so the May 21, 2019, Complaint is untimely.  For a § 1983 false arrest claim, the statute of limitations begins to run when the alleged false imprisonment ends, *i.e.* "once the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges."  *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *accord Thompson v. Rovella*, 734 F. App'x 787, 789 (2d Cir. 2018) (summary order), *cert. denied*, 139 S. Ct. 1210 (2019).  Plaintiff likely was arraigned shortly after his arrest on February 11, 2015, thereby suggesting that the statute of limitations expired early in 2018.  But in any event the

Complaint makes clear that Plaintiff was arraigned some time before May 5, 2016, when the charges were dropped. Accordingly, the false arrest claim, brought more than three years later, is untimely.

Finally, the malicious prosecution claim was required to be filed by May 5, 2019. For claims based in malicious prosecution, the statute of limitations begins to run "when the underlying criminal action is conclusively terminated." *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995); *accord Peralta v. City of New York*, No. 15 Civ. 4455, 2019 WL 3239349, at *4 (S.D.N.Y. July 18, 2019). As discussed, the state criminal action against Plaintiff was dismissed on May 5, 2016. Because this action was commenced more than three years later, the malicious prosecution claim is untimely.

Apart from the issue of timeliness, the Complaint does not plead facts sufficient to state a claim against the City, *i.e.* that "the government body *itself* 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)) (emphasis added). A Complaint pleads municipal liability under § 1983 only if it pleads facts showing that: (1) the city officially promulgated or adopted an official policy to that effect, *see Monell*, 436 U.S. at 690; (2) an official responsible for establishing a final policy with respect to the subject matter in question made a deliberate choice to that effect, *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986); (3) subordinate officials engaged in "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law," *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotation marks and citation omitted); or (4) Defendants failed to train or supervise their employees to a degree that evinces a "deliberate

indifference to the rights of persons with whom [Defendants] come into contact," *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *accord Fleming v. City of New York*, No. 18 Civ. 4866, 2019 WL 4392522, at *8 (S.D.N.Y. Aug. 27, 2019). A plaintiff must also plausibly allege that there is a "direct causal link between municipal policy or custom and the alleged deprivations." *Canton*, 489 U.S. at 385; *accord Fleming*, 2019 WL 4392522, at *8. The Complaint does not plead facts to support any of the four theories of municipal liability. Nor can the allegations of the officers' treatment of Plaintiff alone support an inference of an unlawful custom or policy or a systematic failure to train, as the Complaint alleges only this one incident, even though it is grave and serious.

Finally, to the extent the Complaint is construed as stating any state law claims, the Court declines to exercise supplemental jurisdiction over them in the absence of any viable federal claim. *See* 28 U.S. Code § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."); *TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) (summary order) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages . . . the federal court should decline the exercise of jurisdiction.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

In sum, the motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to close Dkt. No. 21, and to mail a copy of this Order to *pro se* Plaintiff.

Dated: March 10, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6